UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER PRYSOK, | Case No. 2:24-cv-15 |
| Plaintiff, | Hon. Jane M. Beckering<br>U.S. District Court Judge |
| v. | |
| NATIONAL PARK SERVICE, | Hon. Maarten Vermaat<br>U.S. Magistrate Judge |
| Defendant. | |

_____/

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ADD PARTIES**

### INTRODUCTION

Pro se Plaintiff Christopher Prysok is suing the National Park Service for revoking permits for two businesses—Apostle Islands Adventures, LLC, ("AI Adventures") and Pictured Rocks Adventure, LLC, ("PR Adventure")—to provide commercial kayaking services in the National Park System. Although Plaintiff contends that he owns these businesses, he named only himself as Plaintiff, and he is representing himself. On June 7, 2024, Plaintiff filed a motion to add AI Adventures and PR Adventure as "co-plaintiff[s]." (Pl. Mot., ECF No. 11, PageID.61.)

Plaintiff is pro se in this action and the law does not permit him to represent his corporations in this Court. For this reason, the National Park Service requests that the Court deny Plaintiff's motion to add parties to this matter.

### DISCUSSION

Plaintiff may not join or substitute corporations pro se. In the Sixth Circuit, corporations may only appear in federal court through an attorney. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) (citing *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). "The rule against

non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quotation marks and citations omitted). "Said another way, '[t]he purpose of the rule ... is to protect third parties.' So while a pro se plaintiff can 'squander' his own rights, he cannot waste the rights of other persons or entities." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (quoting *Bass*, 788 F.3d at 230). Thus, "under longstanding tradition, a corporation can only appear by an attorney." *Id.* (quotation marks and citations omitted). *See also Weng v. Nat'l Science Found.*, No. 1:22-CV-998, 2023 WL 3579357, at *1 n.1 (W.D. Mich. May 22, 2023) (Beckering, J.) (noting that the court struck pro se plaintiff's complaint and amended complaint because he could not legally represent a corporate plaintiff in federal court and because no attorney had appeared on behalf of the corporation); *Sawyer v. King*, No. 88–1033, 1989 WL 60466, at *1 (6th Cir. June 8, 1989) (concluding that the plaintiff, not a licensed attorney, "is prohibited from representing his corporation" in court). This is true even where a plaintiff is the sole member of an LLC. *Olita v. McCalla*, No. 2:21-cv-2763, 2022 WL 1644627, at *6 (W.D. Tenn. May 24, 2022) (citing *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001)).

Here, as stated in the National Park Service's Memorandum in Support of its Motion to Dismiss (ECF No. 13, PageID.73-78), Plaintiff's Complaint seeks to redress injuries to AI Adventures and PR Adventure based on their permits, not injuries he suffered directly and personally. The LLCs, who are the real parties in interest, must retain counsel before participating in this matter. Plaintiff may not represent them pro se. The Court should, therefore, deny Plaintiff's motion to add parties to this matter.

## CONCLUSION

For the foregoing reasons, the National Park Service respectfully requests that this Court deny Plaintiff's motion.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: June 18, 2024

*/s/ Laura Babinsky*
LAURA BABINSKY (P85670)
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Laura.Babinsky@usdoj.gov