UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER PRYSOK,                                    Case No. 2:24-cv-15

          Plaintiff,                                        Hon.  Jane M. Beckering
                                                U.S. District Judge

    v.

NATIONAL PARK SERVICE,

          Defendant.
_____/

## REPORT & RECOMMENDATION

### I.    Introduction

Plaintiff Christopher Prysok, representing himself, filed his unverified complaint on January 29, 2024. (ECF No. 1.)  The National Park Service ("NPS") is the only Defendant.  Plaintiff alleges in general terms that the NPS violated his rights by terminating a Commercial Use Authorization (CUA) he obtained on behalf of a Limited Liability Company (LLC) to operate kayaking tours within the Apostle Islands National Lakeshore.  (ECF No. 1, PageID.2-3.)  Plaintiff Prysok also alleges that he had a CUA to operate tours in the Pictured Rocks National Lakeshore. (*Id.*, PageID.1.)

Plaintiff asserts that "Apostle Islands Adventures" is an LLC.  (ECF No. 1, PageID.2.)  The State of Wisconsin's Department of Financial Institutions includes a listing for "APOSTLE ISLANDS ADVENTURES LLC", with a registration date of Feb. 5, 2019, and an entity ID of A088304.  Leonard Prysok is listed as the registered agent of this entity.  The registered agent's office is located in Washburn, WI.  The

State of Wisconsin's Department of Financial Institutions notes that this LLC was administratively dissolved on July 28, 2022.[1]

The bulk of Plaintiff Prysok's factual allegations (*see* ECF No. 1, PageID.2-3 (paragraphs 1-18 of the complaint)) focus on Defendant NPS's alleged wrongful termination of the CUA it had issued to Apostle Islands Adventures LLC to operate kayak tours in the Apostle Islands National Lakeshore in Wisconsin.

Plaintiff Prysok also asserts that he had a CUA to operate kayaking tours in the Pictured Rocks National Lakeshore, which is located in the State of Michigan. (*Id.*, PageID.2.) The State of Michigan's Department of Licensing and Regulatory Affairs includes a listing for "PICTURED ROCKS ADVENTURE LLC", with a date of organization of Feb. 4, 2019, and an identification number of 802282261. Plaintiff Prysok is listed as the resident agent. He lists an address in Millersburg, Michigan, which is in the Eastern District of Michigan.[2]

This Report & Recommendation (R. & R.) addresses the Defendant's motion to dismiss (ECF No. 12), and Plaintiff's (i) motion to add parties (ECF No. 11), (ii) motion for summary judgment (ECF No. 19), and (iii) motion to file a supplemental brief regarding the U.S. Supreme Court's recent ruling on the *Chevron* doctrine (ECF No. 27).

The undersigned respectfully recommends that the Court grant the NPS's motion to dismiss for lack of subject matter jurisdiction because Prysock has not

---

[1]    *See* addendum to this R. & R.
[2]    *See* addendum to this R. & R.

demonstrated that he has Article III standing to assert claims on behalf of the CUA holders:  Apostle Island Adventures LLC and Pictured Rocks Adventures LLC.  In addition, the undersigned concludes that Plaintiff Prysok, who is not an attorney, may not file a lawsuit on behalf of these two LLCs.  Thus, as an alternative, the undersigned recommends dismissal of this case without prejudice.  The undersigned also recommends that the Court deny Plaintiff's (i) motion to add parties (ECF No. 11), (ii) motion for summary judgment (ECF No. 19), and (iii) motion to file a supplemental brief regarding the U.S. Supreme Court's recent ruling on the *Chevron* doctrine (ECF No. 27).  The undersigned concludes that Plaintiff's motions are moot in light of the undersigned's recommendation.

## II.    Factual Allegations

As noted above, Plaintiff Prysok's complaint focuses on the termination of the CUA issued to Apostle Islands Adventure LLC to operate in the Apostle Islands National Lakeshore in Wisconsin.  Prysok says that in 2019 he obtained a CUA to operate kayaking tours at Apostle Islands and Pictured Rocks.  On July 27, 2019, NPS suspended and revoked Prysok's CUA at Apostle Islands.  (ECF No. 1, PageID.2.)  Prysok claims that the reasons for revocation were unverified and that no citations had been issued against him prior to the revocation.  (*Id*.)  Prysok further claims that the revocation has jeopardized his livelihood.  (*Id*.)

Prysok states that arbitrary and capricious actions by NPS may be nullified under the Administrative Procedures Act.   (*Id*.)   He further asserts that the revocation of his Apostle Island CUA without court intervention violated his due

process rights, and that unverified claims by Apostle Islands and Pictured Rocks constitute defamation.[3]  (*Id*.)  Prysok also says that in 2021, Pictured Rocks denied his appeal based upon unsubstantiated claims.  (*Id*., PageID.5.)

Prysok says that other "outfitters" were treated differently before their CUAs were revoked because the NPS provided opportunities to update their application packet.  Prysok says he was treated differently because the NPS did not provide him with a similar opportunity to update his application.  (*Id*., PageID.6-7.)

NPS has provided the five-page declaration of Tracy Simmons, a commercial services chief for the NPS.  (ECF No. 13-1.)  This declaration is supported by a number of documents relating to CUAs that were issues to Apostle Islands Adventures, LLC, and Pictured Rocks Adventure, LLC.   Simmons's declaration and supporting documents appear to go well beyond the scope of Plaintiff Prysok's factual allegations.  Nevertheless, Simmons chronicles the termination of the CUAs issued to Apostle Islands Adventure LLC and Pictured Rocks Adventures LLC.  Simmons stated that Prysok had previously held CUAs for the Apostle Islands and Pictured Rocks National Lakeshores, in Wisconsin and Michigan, respectively.  (*Id*., PageID.91.)  The CUA for the Apostle Islands National Lakeshore was issued on June 21, 2019, and the CUA for Pictured Rocks National Lakeshore was issued on March 9, 2021.  (*Id*.)

---

[3]     In his complaint, Plaintiff cites *Saucier v. Katz*, 53 U.S. 194 (2001) to argue that qualified immunity is not available to individual officers.  He also cites to *Monell v. Department of Social Services*, 436 U.S. 6558 (1978) to argue that local governments can be liable under 42 U.S.C § 1983.   Neither of these cases are applicable in this case.  NPS cannot argue an entitlement to qualified immunity and NPS is not a state or local government capable of being sued under 42 U.S.C. § 1983.

On July 27, 2019, the Superintendent at Apostle Islands National Lakeshore revoked the CUA for failure to adhere to CUA conditions. (*Id.*, PageID.92.) Prior to revoking the CUA, the Superintendent sent several written notifications of violations of CUA policy. (*Id.*) Along with the revocation, the Superintendent informed Prysok that he had the option to appeal the revocation, but Prysok never appealed the decision. (*Id.*)

According to Simmons, Prysok still had the ability to perform kayak tours at Pictured Rocks National Lakeshore. (*Id.*) In June of 2021, several written warnings were issued to Prysok for failure to adhere to CUA standards. (*Id.*) On July 31, 2021, law enforcement officers issued citations to Pictured Rocks Adventure LLC and its employees for attempting a guided tour in life-threatening conditions. (*Id.*, PageID.93.) The tour resulted in a swamped vessel, an emergency rescue, and several park visitors being diagnosed with hypothermia. (*Id.*) As a result of the incident and prior written warnings, the Superintendent of Pictured Rocks National Lakeshore suspended the CUA for kayaking tours on August 4, 2021. (*Id.*) Prysok appealed the suspension on August 6, 2021. His appeal was subsequently denied. (*Id.*) On March 17, 2022, the CUA for Pictured Rocks National Lakeshore was fully revoked. (*Id.*)

On October 17, 2023, Prysok applied for a CUA to conduct guided kayak tours at Apostle Islands National Lakeshore during the 2024 season on behalf of his company, Paddle Ride Adventure, LLC.[4] (*Id.*) The Superintendent denied Prysok's application for a CUA due to Prysok's history as a CUA operator and deficiencies in

---

[4]     The State of Wisconsin Department of Financial Institutions lists "Paddle Ride Adventure LLC" as a Foreign LLC that was registers in 2023.  See the addendum.

the application.  (*Id.*, PageID.94.)  Prysok appealed the decision on January 22 and

28, 2024.  (*Id.*)  After further consideration, the Superintendent denied the appeal via

letter on March 10, 2024.  (*Id.*)

## III.   Analysis

The undersigned concludes that Plaintiff Prysok lacks standing to sue the

National Park Service, and, alternatively, that he, as a non-attorney, may not

represent the two LLCs in this matter.

"Whether a party has Article III standing is properly an issue of a court's

subject matter jurisdiction under Rule 12(b)(1)."  *Miller v. Interurban Transit

Partnership Association of American Physicians & Surgeons v. Food & Drug

Administration*, No. 1:18-cv-905, 2019 WL 4196148, at \*2 (W.D. Mich. Aug. 7, 2019)

(quoting *Crookston v. Johnson*, 370 F. Supp. 3d 804, 807 (W.D. Mich. 2018)).   Rule

12(b) provides that: "Every defense to a claim for relief in any pleading must be

asserted in the responsive pleading if one is required.  But a party may assert the

following defenses by motion: (1) lack of subject matter jurisdiction . . . ."  Fed. R. Civ.

P. 12(b)(1).   The plaintiff bears the burden of establishing that this Court has

jurisdiction.  *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich.

2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th

Cir.1996)).

Plaintiff Prysok's complaint focuses on the NPS's revocation of the CUA issued

to Apostle Islands Adventure LLC relating to kayak touring in the Apostle Islands

National Lakeshore in Wisconsin.  As noted above, the Apostle Islands Adventure

LLC was a domestic limited liability company registered under the laws of the State of Wisconsin.  The Wisconsin Uniform Limited Liability Company Law, Wis. Stat. §§ 183.0100 to 183.1102, establishes the rules by which LLCs in Wisconsin must operate.   Under Wisconsin law, "[a]n LLC is 'an unincorporated association of investors, <u>members</u> in LLC parlance, whose personal liability for obligations of the venture is limited to the amount the member has invested.'" *Marx v. Morris*, 386 Wis. 2d 122, 137–38 (2019) (quoting Joseph W. Boucher et al., *LLCs and LLPs: A Wisconsin Handbook* § 1.4 (6th ed. 2018)).  Stated differently, an LLC is a "creature of statute." *Marx*, 386 Wis.2d at 146.

Wisconsin Stat. § 183.0803 (with emphasis added), allows a member of an LLC to file a derivative lawsuit, i.e. a lawsuit to enforce a right of the LLC, in some circumstances:

> A derivative action to enforce a right of a limited liability company may be maintained only by a person that is **<u>a member at the time the action is commenced</u>** and to which any of the following applies:
> (1) The person was a member when the conduct giving rise to the action occurred.
> (2) The person's status as a member devolved on the person by operation of law or pursuant to the terms of the operating agreement from a person that was a member at the time of the conduct.

Here, Plaintiff Prysok cannot show that he was a member of Apostle Islands Adventure LLC at the time this lawsuit was commenced because this LLC was administratively dissolved, according to the Wisconsin Department of Financial Institutions, on July 28, 2022.[5]  This lawsuit was commenced on Jan. 29, 2024.  (ECF

---

[5]    *See* addendum.

No. 1.)  To satisfy the Article III standing requirements at this stage of the case, Plaintiff Pyrsok must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).  Plaintiff Prysok has not even attempted to explain how he has standing to sue on behalf of a dissolved LLC.

Furthermore, as noted above, *Leonard* Prysok was the registered agent of Apostle Islands Adventure LLC, according to the State of Wisconsin.  Plaintiff *Christopher* Prysok was not the registered agent.  Again, Plaintiff has not explained the ownership arrangements relevant here, nor attempted to explain why he rather than Leonard Prysok has Article III standing.

The undersigned concludes that Plaintiff Prysok lacks Article III standing to sue to enforce a right held by the now-dissolved Apostle Islands Adventure LLC.

Although Plaintiff's case focuses on the NPS's revocation of the CUA issued to Apostle Islands Adventure LLC, the undersigned will nevertheless comment on Plaintiff's standing to sue to enforce rights held by the Pictured Rocks Adventures LLC with respect to a CUA for kayak touring operations in the Pictured Rocks National Lakeshore in Michigan.  The Michigan Limited Liability Company Act allows an LLC member to commence and maintain a civil suit on behalf of an LLC provided a number of conditions are met. *Salem Springs, LLC v. Salem Twp.*, 312 Mich. App. 210, 223, (2015).  Those conditions are listed in Mich. Comp. Laws § 450.4510.  Prysok, however, has not even attempted to address these conditions.  As

noted above, it is his burden to make this showing.  The undersigned concludes that Plaintiff Prysok lacks legal authority to sue on behalf of the Pictured Rocks Adventures LLC.  As a result, he cannot show that he has Article III standing.

In the alternative, the undersigned recommends that the Court dismiss Prysok's lawsuit without prejudice because he, as a non-attorney, may not represent these LLCs.  A dismissal without prejudice will allow Prysok an opportunity to hire an attorney.  As a general rule, a *corporation* must be represented by an attorney in legal proceedings.  *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-202 (1993).  "A corporation . . . must be represented in court by an attorney and may not be represented by an officer."  *Wimberly v. Embridge*, 93 Fed. App'x 22, 23 (6th Cir. 2004) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)).  This rule appears to extend to *LLCs*.  *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms ..., a limited liability company also may appear in federal court only through a licensed attorney.") (citations omitted); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (Bankr. N.D. Ohio 2001) ("Thus, whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney."); *Miniard v. LFUCG Div. Code Enf't*, No. 5:23-CV-050-REW, 2023 WL 2587474, at *6 (E.D. Ky. Mar. 21, 2023) ("Accordingly, LLCs (such as RUBG) may only appear in court through a licensed attorney and may not be represented by a member proceeding pro se").  Furthermore, the rule prohibiting non-lawyer

representation also applies to sole member or solely-owned limited liability companies. *See Lattanzio*, 481 F.3d at 140 ("[A] sole member of a limited liability company must bear the burdens that accompany the benefits of the corporate form and may appear in federal court only through a licensed attorney.").

## IV.    Recommendation

The undersigned respectfully recommends that the Court grant the NPS's motion to dismiss for lack of subject matter jurisdiction because Prysock has not demonstrated that he has Article III standing to assert claims on behalf of the CUA holders – the now-dissolved Apostle Island Adventures LLC and the Pictured Rocks Adventures LLC.  In addition, the undersigned concludes that Plaintiff Prysok, who is not an attorney, may not file a lawsuit on behalf of these two LLCs.  Thus, as an alternative, the undersigned recommends dismissal of this case without prejudice to give Plaintiff an opportunity to hire an attorney.  The undersigned also recommends that the Court deny (i) Plaintiff's motion to add parties (ECF No. 11), (ii) his motion for summary judgment (ECF No. 19), and (iii) his motion to file a supplemental brief regarding the U.S. Supreme Court's recent ruling on the *Chevron* doctrine (ECF No. 27).  The undersigned concludes that Plaintiff's motions are moot in light of the undersigned's recommendation.

If the Court accepts this recommendation, this case will be dismissed.


Dated:  January 8, 2025                                 /s/ *Maarten Vermaat*
                                                       MAARTEN VERMAAT
                                                       U.S. MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

## ADDENDUM



URL:

https://apps.dfi.wi.gov/apps/corpsearch/Details.aspx?entityID=A088304&hash=1847794297&searchFunctionID=fc12dedf-7800-436b-93c2-26db2d383275&type=Simple&q=apostle+islands+adventures (last visited Jan. 8, 2025).



URL:

https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?token=nBxIL
n58HwVtv4JMRDwTm1cWblopjmzIgq3FCQzRMH7Z0mRAdeXC1Geh3zbIr3I6kfq1
BRqXoaRRFvsX3Tq9zWaUijUeZF/2y8V2d33h9RCf5Qi5wcM01vrvmGvHKRCnELQ
uxtVgk7l82nDUcxQO6itlVYtYTcsX8im4HaTO77rwHBHpwFHtQ8y06JWljNhLjQae
V3SKbfonCOFF+BLkFqct6P36lPHYT3cWE+nJV6rbAQ5ygoMp1ejqc+1mc0Kh/jatbl
xyyxZQdpvaGMdmdcGeP/Q6cVWzdE8buLrSxQxRm/LBOoxGvMVKt1F+KTdIiY02f
xzhRQApi/gHv5G6Crh6KSpnduLH



URL:

https://apps.dfi.wi.gov/apps/corpsearch/Details.aspx?entityID=P087129&hash=1383
230410&searchFunctionID=a09c6416-05b6-4b7a-89a9-
b22ae1a3d462&type=Simple&q=Paddle+ride+adventure